IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:24-cv-07562-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Marjorie Morgan, Curtis Keller, Rodney Keller, Scottie Bodiford, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation ("Report").[1] On February 5, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance and service of process and without leave to amend. ECF No. 22. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and four letters. ECF Nos. 24, 25, 27, 28, 29.

---

[1] This case was initially referred to United States Magistrate Judge William S. Brown and was reassigned to United States Magistrate Judge Kevin F. McDonald. Judge McDonald issued the Report in this case.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.[2] The Magistrate Judge recommends summary dismissal of all claims and Defendants. The Magistrate Judge notes that to the extent Plaintiff requests release, that relief is

---

[2] The Court notes that Plaintiff has objected to certain portions of the Magistrate Judge's factual recitation. Mainly he objects to the characterization of his statements as "allegations" when he contends that they are facts. The Court has thoroughly reviewed his objections and finds that they do not alter the outcome of this action. To the extent any specific factual discrepancy needs to be discussed, it will be addressed below.

unavailable in § 1983 actions. Next, the Magistrate Judge recommends dismissal of any potential claim brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), against United States Bankruptcy Judge Helen E. Burris as such is subject to dismissal both because it would present a new *Bivens* context where special factors counsel against extending *Bivens* to the claims presented here and because Judge Burris is entitled to judicial immunity. With respect to Defendants Marjorie Morgan, Curtis Keller, and Rodney Keller, the Magistrate Judge recommends summary dismissal because they are not state actors. As to Defendant Scottie Bodiford, the Magistrate Judge concluded that Plaintiff did not raise any personal allegations such that he could be liable under § 1983 and that any claim for supervisory liability fails. The Magistrate Judge further recommends dismissal of any due process, denial of access to courts, or First Amendment claims. Finally, the Magistrate Judge recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims.

With respect to Plaintiff's filings, the Court first turns to his various letters. ECF Nos. 24, 27, and 28 all list multiple case numbers of civil actions filed by Plaintiff. He does not directly address the Report in this case. In ECF No. 24, he expresses concern that the Court has confused some of his pending cases, of which there are several. He further demands a full federal investigation. There is no indication that the Magistrate Judge or the undersigned has confused his cases. With respect to Plaintiff's request for an investigation, the Court will address this demand below. In ECF No. 27, Plaintiff makes some allegations regarding due process which will be considered in this ruling. Plaintiff styles ECF No. 28 as a motion but the only clearly requested relief is on page 28 wherein

3

he "demands by this motion accountability." ECF No. 28 at 28. Otherwise, this document provides a detailed timeline of events as Plaintiff remembers them and makes various allegations against Defendants in this action and people and entities not named in this action. In ECF No. 29, Plaintiff lists only this case number and requests a status update. To the extent this should be considered a motion, the request for a status update is accomplished by the issuing of this Order. Accordingly, that motion is moot.

Upon thorough review of these documents, the Court finds that ECF Nos. 24, 28, and 29 do not impact the disposition of this case. Therefore, the Court declines to consider these as a supplement to Plaintiff's objections; however, the undersigned has considered all of Plaintiff's filings in making this ruling. The Court considers ECF No. 27 as supplemental objections. Because Plaintiff filed objections, the Court's review has been de novo.

In his objections, Plaintiff goes through various facts in his underlying cases which are not relevant to the present action and alleges various ways in which he believes Magistrate Judge McDonald has been unfair and uninformed in issuing the Report. With respect to the relief sought, Plaintiff contends that he never requested to be moved to another facility. Accordingly, the Court will consider that request withdrawn. As to the Magistrate Judge's discussion of the fact that release from the Greenville County Detention Center is unavailable as a remedy in § 1983 actions, the Court agrees. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (noting that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and

seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

With respect to Plaintiff's potential *Bivens* claim, Plaintiff makes clear in his objections that he is pursuing such a claim. ECF No. 25-2 at 8. He does not specifically object to the Magistrate Judge's recommendation that *Bivens* should not be extended to this context. Nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed this portion of the Report de novo; upon such review, the Court agrees with the recommendation of the Magistrate Judge. *See* ECF No. 22 at 5–7. Plaintiff objects to the recommendation that Judge Burris is entitled to judicial immunity. ECF No. 25-2 at 8. He further asserts that Bob Cooper, Randy Skinner, and "all of the federal attorneys of Nelson Mullins" are federal actors. With respect to Judge Burris, she is entitled to judicial immunity because the basis for the allegations against her arise out of the scope of her duties.[3] *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (recognizing that judges have absolute immunity from claims for damages arising from their judicial actions). Further, the attorneys listed by Plaintiff are not named in this action and are not state or federal actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 nn.8–16 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Accordingly, these objections are overruled.

---

[3] As he has in his other cases, Plaintiff reasserts his belief that judicial immunity is unconscionable. However, Plaintiff's disagreement does not change the relevant law.

5

The Magistrate Judge recommends dismissal of Defendants Marjorie Morgan, Curtis Keller, and Rodney Keller because they are not state actors amenable to suit under § 1983.  In his objections, Plaintiff seems to argue that they are state actors because they acted pursuant to state law or in violation of state law.  ECF No. 25-2 at 11–12.  This is not a correct statement of the standard applicable to § 1983 actions.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (explaining that a claim under § 1983 requires that a plaintiff allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) ("However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution.")).  As explained in more detail by the Magistrate Judge, Plaintiff has not established a "close nexus" where the actions of these Defendants could be considered state action.  *See* ECF No. 22 at 9 (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).  Accordingly, these objections are overruled.

Turning to the Magistrate Judge's recommendation that Defendant Bodiford be dismissed for failure to allege personal allegations against him, at one point Plaintiff asserts that "Mr. Scottie Bodiford allowed me to be incarcerated without due process."  ECF No. 25 at 2.  Plaintiff further appears to argue that he is not required to allege personal allegations as to Defendant Bodiford because Magistrate Judge Brown told him that Defendant Bodiford must be named in a habeas action.  ECF No. 25-2 at 12.  Upon review of the docket, there is no indication that Magistrate Judge Brown told Plaintiff he

6

must name Defendant Bodiford in this action.  Further, Plaintiff completed and submitted a complaint for violations of his civil rights, not a habeas petition.  *See* ECF No. 1.  Defendant Bodiford is the administrator of the Greenville County Detention Center; Plaintiff's conclusory statement that he is responsible for his continued detention is insufficient to state a plausible claim for relief.  Accordingly, the Court agrees with the Magistrate Judge's well-reasoned analysis and conclusion that Plaintiff does not allege any unconstitutional action by Defendant Bodiford and further fails to state a plausible claim as to supervisory liability.  *See* ECF No. 10–11.  Accordingly, Plaintiff's objections are overruled.

The Magistrate Judge recommends dismissal of Plaintiff's due process claim.  Plaintiff objects and argues that he was not afforded a hearing, that he is being held without due process, and generally objects to the dismissal of this claim.  ECF No. 22 at 1; 25 at 2; 25-2 at 9, 13.  At this procedural posture, "Plaintiff is barred from asserting any claims that would necessarily imply the invalidity of a conviction unless and until he can show that his underlying conviction has been reversed, expunged, or otherwise invalidated." *Brown v. Registrar of Deeds for Cleveland Cnty.*, No. 1:24-CV-00283-MR-WCM, 2024 WL 4896698, at *2 (W.D.N.C. Nov. 26, 2024) (citing *Heck*, 512 U.S. at 486–87).  As to the Magistrate Judge's discussion of Plaintiff's due process rights regarding use of the telephone and access to the law library, the Court agrees with his well-reasoned analysis.  *See* ECF No. 22 at 11–12.  Accordingly, Plaintiff's objections are overruled.

With respect to denial of access to courts, Plaintiff objects to the Magistrate Judge's recommendation that this claim be dismissed.  He states that he cannot review the cases cited by Magistrate Judge McDonald because he does not have an adequate law library and further states that "pages 12 at 13 [of the Report] speak for themselves given that I have no access to a legitimate law library."  ECF No. 25-2 at 7, 12, 13.  As explained in more detail by the Magistrate Judge, a claim for lack of access to a law library is analyzed as a claim for lack of access to courts.  A claim for denial of access to courts must be pled with specificity, and a plaintiff must show actual injury. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Lewis v. Casey*, 518 U.S. 343, 349 (1996). The actual injury requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the court. *Lewis*, 518 U.S. at 352–53.  Plaintiff has made no such showing here.  Accordingly, Plaintiff objections are overruled.

To the extent Plaintiff statement that "pages 12 and 13 speak for themselves" should also be construed as objecting to the Magistrate Judge analysis of any First Amendment claim, the Court will address the Magistrate Judge's recommendation.  At another point in his objections, Plaintiff clarifies that he can call an outside line from his telephone but he cannot call emergency services.  ECF No. 25-2 at 5.  This distinction has no bearing on the outcome.  Prisoners have a First Amendment right to communicate with the outside world; however, there is no right to a particular form of communication, such as use of the telephone. *See Thornburg v. Abbott*, 490 U.S. 401, 411–12 (1989).

8

As there is no indication that Plaintiff is prohibited from communicating with the outside world, this objection is overruled.

Finally, the Magistrate Judge recommends dismissal of Plaintiff's state law claims, including but not limited to fraud. Upon de novo review, the Court agrees. As an initial matter, there is no diversity jurisdiction. With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Here, it appears that Plaintiff and at least some of the Defendants are domiciled in South Carolina. *See* ECF No. 1 at 2. Thus, complete diversity is lacking, and this Court has no diversity jurisdiction over this action. Further, as all claims over which this Court would have original jurisdiction are subject to dismissal, supplemental jurisdiction is inappropriate here. *See* 28 U.S.C. § 1367(c)(3).

The Court will now address some of Plaintiff's other allegations. First, Plaintiff appears to be distressed that he is required to sign documents while the Magistrate Judge may use a typed s/ for a signature. While Plaintiff may believe this is unfair, it does not rise to the level of a constitutional violation actionable by this Court. Throughout his objections, Plaintiff demands an investigation into his allegations. He further states his belief that Defendants have committed criminal fraud. To the extent Plaintiff is requesting some action by this Court, that request is denied. *See, e.g., Shell v. Moates*, No. 6:24-cv-04719-JDA-KFM, 2024 WL 5422259, at *3 (D.S.C. Sept. 6, 2024), *report adopted,*

9

2025 WL 561357 (D.S.C. Feb. 20, 2025) ("[S]uch a request is improper because federal courts do not investigate state law enforcement actions or bring criminal charges, as well as because private citizens, such as the plaintiff, lack a judicially cognizable interest in the prosecution or nonprosecution of another.").

Plaintiff mentions in passing that he is being "detained under false arrest" and "suggest[s] that this court observe malicious prosecution." ECF No. 25 at 1, 4. To the extent he intends to bring these as claims, he has merely alleged conclusory legal conclusions without any factual support. Such is insufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, to the extent Plaintiff alleges a claim for conspiracy under 42 U.S.C. §§ 1985 or 1986, *see* ECF No. 25-2 at 6, this claim is also subject to summary dismissal. First, the Fourth Circuit Court of Appeals has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner," absent concrete supporting facts. *See Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Further, Plaintiff's complaint does not allege under which subsection of § 1985 he seeks relief; however, the complaint—containing only vague references to a conspiracy—fails to state a claim under all of the subsections. As such, Plaintiff has failed to allege a claim under § 1985. Moreover, because a § 1986 claim is derivative of a § 1985 claim, any claim pursuant to § 1986 is likewise subject to summary dismissal. *See*

*King v. PEM Props.*, C/A No. 2:16-cv-09876, 2019 WL 6210937, at *3 (S.D. W. Va. Sept. 17, 2019), *report adopted*, 2019 WL 6194639 (S.D. W. Va. Nov. 20, 2019).

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without issuance and service of process and without leave to amend.[4]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 24, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] Plaintiff's state law claims are dismissed without prejudice. Any claim barred by *Heck* is dismissed without prejudice. Plaintiff's remaining claims are dismissed with prejudice.

11